IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEVERLY RODRIGUEZ,

    Plaintiff,

v.                                                               1:15-cv-00681-WPL-LF

JEFFREY SMITH,

    Defendant.

**ORDER ON MOTION TO QUASH**

THIS MATTER comes before the Court on the Motion to Quash Subpoena (Doc. 39) brought by Margaret A. Duggan, Assistant Attorney General for the State of New Mexico, on behalf of the Thirteenth Judicial District Court, State of New Mexico, County of Sandoval. Although not a party to this case, the Thirteenth Judicial District Court seeks to quash two subpoenas issued by plaintiff that request the release of grand jury proceedings. Plaintiff filed her response to the motion to quash on March 28, 2016. Doc. 42. The Thirteenth Judicial District Court did not file a reply. Having considered the parties submissions, the Court finds that the motion is well taken, and will be granted in part and denied it in part.

1. **Background Facts**

Plaintiff Beverly Rodriguez alleges that defendant Jeffery Smith violated her civil rights by falsely arresting and imprisoning her. She contends that Smith intentionally misled a state magistrate judge into approving a warrant for her arrest and a state district court judge into issuing a search warrant based on false information. Plaintiff alleges that Smith arrested her as a tactic to induce her to testify against a family member whom he was investigating.

Smith accused Rodriguez of stealing two used metal ramps from the Cuba Independent School District. Charges were brought before the grand jury, and Smith testified in that proceeding. The grand jury did not issue an indictment against Rodriguez on the charges. Rodriguez seeks

production of the entire grand jury proceeding as discovery in her civil case against Smith. Specifically, Rodriguez seeks Smith's testimony to the grand jury about the alleged theft to compare the statements he made to the grand jury with his deposition testimony in this case to determine whether his testimony in this case is consistent with what he told the grand jurors. Doc. 42 at 6, 7.

In pursuit of this information, Rodriguez issued two subpoenas to the Thirteenth Judicial District Court that request the production of the entire grand jury proceedings regarding *State of New Mexico v. Beverly Rodriguez*, including pleadings, transcripts, and audio and video recordings. Doc. 39 at 1–2. The state district court is resisting the disclosure based on the general proposition that "the secrecy of grand jury proceedings is to be carefully guarded." Doc. 39 at 3. In her response, Rodriguez argues that she has a particularized need for the grand jury materials in this civil case. The Court finds that Rodriguez has established a particularized need only for Smith's grand jury testimony.

2. Discussion

A district court has substantial discretion to determine whether grand jury transcripts should be released. *See Douglas Oil Co. of California v. Petrol Stops Nw.,* 441 U.S. 211, 223, (1979). To warrant disclosure, a party must show that: (1) the material she seeks is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request covers only material so needed. *Id.* at 222.

Rodriguez has shown a particularized need for Smith's grand jury testimony. First, the material Rodriguez seeks is needed to avoid a possible injustice in this case. As Rodriguez explains, the information sought would support the theories in her complaint that Smith used misinformation to secure her arrest and search warrants. Doc. 42 at 2–6. Smith's grand jury testimony is also relevant to Smith's credibility and may give rise to an additional claim for

malicious prosecution.  Second, the need for disclosure outweighs the need for secrecy as the grand jury did not issue an indictment, and the criminal case against Rodriguez was closed.[1]  Finally, the Court will narrow the request to limit it to the production of Smith's grand jury testimony, which is the only material needed.

IT IS THEREFORE ORDERED that the Motion to Quash (Doc. 39) is GRANTED IN PART AND DENIED IN PART as follows:

1) The Thirteenth Judicial District Court will provide all audio and video recordings, and all transcripts of testimony by Jeffrey Smith to the grand jury that involve the charge against Beverly Rodriguez, including any exhibits that were admitted during his testimony.  Subpoenas for all other records, recordings, and transcripts of the grand jury proceeding pertaining to Beverly Rodriguez are quashed.  Although the Court will not compel the Thirteenth Judicial District Court to produce all other records of the grand jury proceeding pertaining to Rodriguez, the Court directs the Thirteenth Judicial District Court to maintain all such records and not destroy them until this litigation is concluded.

2) The disclosure will be made no later than 10 days after the parties have agreed to a protective order that restricts the use of Smith's grand jury testimony to this proceeding.[2]

_____
Laura Fashing
United States Magistrate Judge

---

[1] The Thirteenth Judicial District explains that the case against Rodriguez was no-billed and although it was mistakenly assigned a case number, that case number was deleted from the court's database.  Doc. 39 at 2.  Usually, the records associated with no-billed cases are destroyed; however, the records the subpoenas seek have not yet been destroyed.  *Id.* at 3, n.3.

[2] The parties are directed to review my guidelines for proposed protective orders located at http://www.nmd.uscourts.gov/content/honorable-laura-fashing under the "Procedures" tab.